CHARLES F. WARD, APPELLEE, V. ED L. ADAMS ET AL.; ASA L. RANSOM, APPELLANT.

FILED APRIL 3, 1914. No. 17,714.

1. **Sheriffs: APPREHENSION OF CRIMINALS: REWARDS.** It is a part of the duty of a sheriff to apprehend a person charged with crime. If a public reward is offered for the arrest and conviction of a criminal, the sheriff of the county cannot become entitled to such reward on account of services rendered in finding and arresting the person so charged.

2. **Money Received: Reward: Evidence.** The verdict of the jury that the defendant failed to prove that he was entitled to retain money that came into his hands for plaintiff is found not so clearly wrong as to require a reversal under the evidence indicated in the opinion.

Appeal from the district court for Kearney county: Ernest B. Perry, Judge. *Affirmed.*

*M. D. King,* for appellant.

*W. S. Morlan* and *Lewis C. Paulson, contra.*

Sedgwick, J.

When Bert M. Taylor was charged with the crime of murder in Kearney county, he absconded, and some time afterwards gave himself up to some of the officers of California, and through the instrumentality of the plaintiff, Ward, he was held in custody until the defendant Ransom, who was then sheriff of Kearney county, took Taylor into his custody and returned him to Kearney county for trial. The crime with which Taylor was charged was considered very aggravated, and the county offered a reward for his capture and return of $1,500, and some of the citizens of Kearney county added to this the further sum of $140. Afterwards the plaintiff, Ward, filed his claim with the county board of Kearney county for the amount of the reward. It was finally adjusted so that the plaintiff should be allowed one-half of the reward. When the defendant Ransom was in California, he undertook, with the plaintiff, to look after his interest in obtaining the reward. The defendant Ransom employed the defendants Adams & Adams, attorneys at law, one member of which firm was a brother-in-law of his, for the plaintiff, to obtain the reward from the county. When the adjustment was made, a county warrant was issued in the name of the plaintiff for $750, his one-half of the reward offered. This warrant was receipted for by the defendants Adams & Adams, and the money obtained from the county, also the reward offered by private parties, amounting in all to $826.75, one-half of which they retained for their services,

and paid over the other half, $413.35, to the defendant Ransom. Afterwards the plaintiff brought this action in the county court of Kearney county against Ransom and Adams & Adams to recover the money which they had obtained for him. Afterwards, upon appeal to the district court and trial, the plaintiff recovered a verdict and judgment against the defendant Ransom for the amount so received by him and costs of suit, and the defendants Adams & Adams obtained a verdict in their favor. From this judgment the defendant Ransom has appealed to this court.

The defendant thinks he ought to recover a judgment for at least one-half of the amount turned over to him by Adams & Adams. The reward was first divided between the plaintiff and another claimant, and afterwards, the plaintiff's half was divided by Adams & Adams, and now the remaining one-fourth of the reward it is claimed should be divided between the plaintiff and Ransom. When he was asked as a witness in the case why he claimed this money or a part of it, he said that he had "been to quite a bit of expense," and that he claimed part of the reward for the capture of Taylor; that the expense he had been to was before Taylor was captured; and the court correctly instructed the jury that as sheriff he was not entitled to any reward for the capture of Taylor. The defendant Ransom does not specify any other services which he rendered for the plaintiff in the matter of the reward, except the employment of the attorneys, in which he agreed that they should have one-half of any amount recovered. He failed for several months to inform the plaintiff that he had received the money, and finally, after the plaintiff had written him numerous letters in regard to the matter, he wrote to the plaintiff that "Adams took half of what you and I were to get, and left me to settle the other half with you, which would be $185. Now, if you think I am entitled to some for my time and expense, let me know so I can settle with you at once, because I want you to be satisfied whether I get anything or not." He had in fact received $413.35. He testified on the trial of the case at bar that the reason he stated in his letter to plaintiff that

the money turned over to him by Adams & Adams with which to "settle with" plaintiff was $185 was because "that is what I wanted to give him." The plaintiff alleged that Ransom was not authorized to contract to give the attorneys one-half of the amount of the reward, and that he did so because of their relationship and for the purpose of absorbing all of the plaintiff's claim. His letters indicate that there was no agreement to pay him anything for employing these attorneys, and that no compensation was expected until he had this money in his hands. Clearly, under the circumstances, he had no valid, legal claim against the plaintiff, and the verdict of the jury was supported by the evidence.

The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.